U.S. DISTRICT COURT INDIANAPOLIS DIVISION
07 SEP 19 PM 3:46
LAURA A. BRIGGS CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KORI MUELLER, | ) | |
| Plaintiff, | ) | Cause No. |
| vs. | ) | |
| DAVOL, INC. and C.R.BARD, INC. | ) | 1:07-cv-1198-SEB-JMS |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, Kori Mueller, (hereafter "Plaintiff"), by her undersigned counsel, hereby sets forth in this Complaint claims for equitable, injunctive, and declaratory relief, and compensatory and punitive damages.

## INTRODUCTION

1. This action is brought on behalf of the Plaintiff who received a recalled and defective Bard® Composix® Kugel® Mesh Hernia Repair Patch (hereinafter the "Kugel Hernia Patch"), manufactured, distributed, designed and sold by the Defendants, DAVOL INC., and C.R. BARD, INC. (hereinafter collectively referred to as "Defendants").

2. Defendants, designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed the Kugel Hernia Patch for use in repairing ventral and incisional hernias.

3. Due to the defective nature of the Kugel Hernia Patch, the Food and Drug Administration (hereinafter referred to as "FDA") was forced to issue a Class I recall of the

product on several occasions, including but not limited to, December of 2005, March of 2006 and January of 2007.

4. As a result of the defective nature of the Kugel Hernia Patch, those persons who received the Kugel Hernia Patch have suffered and/or are at an increased risk of suffering serious and dangerous side effects, including but not limited to bowel perforations, infection, the need for additional surgery to remove and/or replace the defective product, and/or the need for subsequent surgery to repair perforations caused by the defective product, as well as other severe and permanent health consequences as a result of their defective product.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy as to the Plaintiff exceeds $75,000.00, exclusive of interest and costs, and because Defendants are incorporated and have their principal place of business in a state other than the state in which the Plaintiff resides.

## PARTIES

6. Plaintiff is a citizen and resident of the State of Indiana.

7. On or about December 4, 2003, Plaintiff underwent surgery to repair a hernia. A Kugel Hernia Patch was used to repair the defect.

8. The Kugel Hernia Patch used in Plaintiff was subject to part of the FDA recall.

9. As a result of using Defendants' Kugel Hernia Patch, Plaintiff had to undergo surgery, suffer severe infections and to suffer pain and emotional distress.

10. Upon information and belief, Defendant DAVOL, INC., is incorporated in the state of Delaware, with its principal place of business in Cranston, Rhode Island.

11. Upon information and belief, and at all relevant times, Defendant DAVOL, INC., was in the business of and did design, research, manufacture, test, advertise, promote, market, sell, and distribute the Kugel Hernia Patch for use in repairing ventral and incisional hernias.

12. Upon information and belief, Defendant, C.R. BARD, INC., is incorporated in the State of New Jersey, with its principal place of business in Murray Hill, New Jersey.

13. Upon information and belief, and at all relevant times, Defendant, C.R. BARD, INC., sells the Kugel Hernia Patch through its wholly-owned subsidiary, Defendant DAVOL, INC.

## FACTUAL BACKGROUND

14. At all relevant times, Defendants were in the business of and did design, research, manufacture, test, advertise, promote, market, sell and distribute the Kugel Hernia Patch for use in repairing ventral and incisional hernias.

15. The Kugel Hernia Patch was originally approved for sale by the FDA on or about January 22, 2001.

16. The Defendants introduced the Kugel Hernia Patch to the market on or about February 9, 2001.

17. Defendants' Kugel Hernia Patch is a self-expanding patch used to repair ventral and incisional hernias. The Kugel Hernia patch is placed behind the hernia through an incision. The Kugel Hernia Patch contains a "memory recoil ring" that allows the patch to be folded for insertion and later spring open and lay flat once it is in place. The alleged purpose for the Kugel Hernia Patch, once it is inside, is to allegedly stimulate tissue growth and allegedly reduce the risk of recurrent hernias.

18. On or about December 22, 2005, the FDA issued an immediate Class I recall of certain sizes of the Kugel Hernia Patch. A Class I recall is the most serious recall that the FDA can issue; it is issued when there is a reasonable chance that the medical device could cause serious health problems or death.

19. The recall was expanded on or about March 31, 2006, and again on or about January 24, 2007.

20. Upon information and belief, further and additional Kugel Hernia Patches will likely be recalled.

21. Defendants knew, or should have known, of the seriousness of the risks of using the Kugel Hernia Patch based upon the state of knowledge of the Kugel Hernia Patch as it existed at that time, and upon generally accepted medical and research standards and principles.

22. Defendants failed to appropriately and adequately warn Plaintiff and her physicians, hospitals, and the FDA, of the serious and dangerous risks involved in using Defendants' Kugel Hernia Patch, including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death, serious infection, the need for additional surgery to remove and replace the Kugel Hernia Patch, and/or the need for additional surgery to repair a perforation caused by the "memory recoil ring", as well as other severe and permanent health consequences.

23. Defendants misrepresented the known risks inherent in the use of the Kugel Hernia Patch.

24. Defendants made certain claims which were distributed and circulated to the medical and healthcare professions that the Kugel Hernia Patch was safe.

25. Defendants were negligent in the manufacturing, testing, selling, distribution, merchandising, advertising, marketing, promotion, and warning of the Kugel Hernia Patch.

26. Based on the Defendants' actions, Plaintiff has suffered injury.

## COUNT I
## NEGLIGENCE

27. Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

28. Defendants had a duty to exercise reasonable care in the designing, researching, manufacturing, supplying, promoting, sale and/or distribution of the Kugel Hernia Patch in the stream of commerce, including a duty to assure that the product did not cause users to suffer from unreasonable and dangerous side effects.

29. Defendants failed to exercise ordinary care in the designing, researching, manufacturing, marketing, supplying, promotion, packaging, sale, testing, quality assurance, quality control, and/or distribution of the Kugel Hernia Patch into the interstate commerce in that Defendants knew or should have known that using the Kugel Hernia Patch created a high risk of unreasonable and dangerous side effects, including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death, serious infection, the need for additional surgery to remove and replace the Kugel Hernia Patch, and/or the need for additional surgery to repair a perforation caused by the "memory recoil ring", as well as other sever and permanent health consequences.

30. Defendants knew or should have known that consumers such as the Plaintiff would forseeably suffer injury as a result of Defendants' failure to exercise ordinary care.

31. Defendants' negligence was the direct and proximate cause of Plaintiff's injuries,

harm and economic loss which she has suffered and will continue to suffer.

**COUNT II**
**STRICT LIABILITY**

32. Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

33. At all times herein mentioned, the Defendants designed, researched, manufactured, tested, advertised, promoted, marketed, sold, and distributed the Kugel Hernia Patch.

34. The Kugel Hernia Patch was expected to and did reach consumers without substantial change in the condition in which it was produced, manufactured, sold, distributed, and marketed by the Defendants.

35. The Kugel Hernia Patch was in an unsafe, defective, and inherently dangerous condition, which was dangerous to users, and in particular, the Plaintiff herein.

36. The Kugel Hernia Patch designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed by Defendants was defective in design or formulation in that, when it left the hands of the manufacturer and/or suppliers, the foreseeable risks exceeded the benefits associated with the design or formulation of the Kugel Hernia Patch.

37. The Plaintiff used the Kugel Hernia Patch for the purpose and in a manner normally intended, namely for the repair of ventral and incisional hernias.

38. Defendants voluntarily designed the Kugel Hernia Patch in a dangerous condition for use by the public, and in particular the Plaintiff.

39. Defendants designed, researched, manufactured, tested, advertised, promoted, marketed, sold and distributed a defective product which created an unreasonable risk to the

health of consumers and to the Plaintiff in particular, and Defendants are therefore strictly liable for the injuries sustained by the Plaintiff.

40. The Plaintiff could not, by the exercise of reasonable care, have discovered the defects nor could she have perceived the danger.

41. The Kugel Hernia Mesh was defective due to inadequate warnings or instructions because the Defendants knew or should have known that the product created a risk of unreasonable, dangerous side effects, including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death, serious infection, the need for additional surgery to remove and replace the Kugel Hernia Patch, and/or the need for additional surgery to repair a perforation caused by the "memory recoil ring", as well as other severe and permanent health consequences, and the Defendants failed to adequately warn of said risk and continued to promote the product.

42. By reason of the foregoing, the Defendants have become strictly liable in tort to the Plaintiff for the manufacturing, marketing, promoting, distribution, and selling of a defective product, the Kugel Hernia Patch.

43. Based on Defendants acts and omissions, Plaintiff has suffered injury and has incurred and will continue to incur medical, health, incidental and related expenses.

## COUNT III
## BREACH OF EXPRESS WARRANTY

44. Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

45. Defendants expressly warranted that the Kugel Hernia Patch was safe for users.

46. Defendants expressly represented to the users, including the Plaintiff, her

physician, and the FDA that the Kugel Hernia Patch was safe and fit for use for the purposes intended, that it was of merchantable quality, that it did not produce any dangerous side effects, and that it was adequately tested and fit for its intended use.

47. The Kugel Hernia Patch does not conform to these express representations because the Kugel Hernia Patch is not safe and has numerous serious risks and side effects.

48. Plaintiff relied on the Defendants express warranties.

49. Defendants breached the express warranties, because their Kugel Hernia Patches were defective, causing the Plaintiff to suffer personal injuries, harm and economic loss.

## COUNT IV
## BREACH OF IMPLIED WARRANTY

50. Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

51. Defendants impliedly represented and warranted to the Plaintiff, physicians, healthcare providers, and the FDA that the Kugel Hernia Patch was safe and of merchantable quality, and fit for the ordinary purpose for which said product was to be used.

52. Defendants representations and warranties were false, misleading and inaccurate in that the Kugel Hernia Patch was unsafe, unreasonably dangerous, improper, not of merchantable quality and defective.

53. Plaintiff and her physicians reasonably relied upon the skill and judgment of Defendants as to whether the Kugel Hernia Patch was of merchantable quality and safe and fit for its intended use.

54. The Kugel Hernia Patch was put into the stream of commerce by the Defendants in a defective, unsafe, and inherently dangerous condition. The Kugel Hernia Patches were

expected to and did reach users, including the Plaintiff, without substantial change in the condition in which they were sold.

55. The Defendants breached the implied warranties, because the Kugel Hernia Patches were not fit for their intended purposes and uses.

56. Based on Defendants breach of warranty Plaintiff has sustained personal injuries and has incurred medical and related expenses.

## COUNT V
## FRAUDULENT MISREPRESENTATION

57. Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

58. The Defendants falsely and fraudulently represented to the medical and healthcare community and to the Plaintiff, the FDA, and the public in general, that the Kugel Hernia Patch, had been tested and found to be safe and effective for its intended use in repairing ventral and incisional hernias.

59. The representations made by Defendants were false.

60. Defendants knew the representations were false and they willfully, wantonly and recklessly disregarded the truth.

61. These representations were made by Defendants with the intent of defrauding the Plaintiff, the public in general, and the medical and healthcare community, to promote the use of the Kugel Hernia Patch in repairing ventral and incisional hernias, which evidence a callous, reckless and willful indifference to the health safety and welfare of the Plaintiff.

62. In reliance upon said representation, the Plaintiff was induced to and did use the Kugel Hernia Patch, thereby sustaining severe personal injuries.

63. Defendants knew or should have known that the Kugel Hernia Patch was inherently dangerous and had a potential to and would cause severe injury to the users, including the Plaintiff.

64. At the time the Plaintiff used the Kugel Hernia Patch she was unaware of the falsity of the Defendants representations and reasonably believed them to be true.

65. In reliance upon said representations, the Plaintiff used the Kugel Hernia Patch, sustaining severe personal injuries.

66. Defendants knew or should have known that the Kugel Hernia Patch had not been sufficiently tested, was defective in nature, and/or that it lacked adequate and/or sufficient warnings.

67. Defendants put the Kugel Hernia Patch in the market, and acted fraudulently, wantonly and maliciously to the detriment of the Plaintiff.

68. As a result of the Defendants acts and omissions the Plaintiff has suffered injury and has incurred medical, health, incidental and related expenses.

## COUNT VI
## NEGLIGENT MISREPRESENTATION

69. Plaintiff incorporates by reference the preceding paragraphs as if they were fully set forth herein.

70. Defendants had a duty to represent to the medical and healthcare community, and to the Plaintiff, the FDA and the public in general that the Kugel Hernia Patch, had been tested and found to be safe and effective for repairing ventral and incisional hernias.

71. Defendants breached their duty in representing the Kugel Hernia Patch's serious side effects to the medical and healthcare community, to the Plaintiff, the FDA and the public

in general.

72. As a result of the negligent misrepresentations of the Defendants, the Defendants knew and were aware or should have known that the Kugel Hernia Patch had been insufficiently tested, that it had not been tested, that it lacked adequate warnings, and/or that it created a high risk of unreasonable, dangerous side effects, including but not limited to bowel perforations, bowel obstructions, chronic intestinal fistulae, death and severe infections, as well as other severe and permanent health consequences.

73. As a result of Defendants acts and omissions the Plaintiff has been injured, has required health care and services and has incurred medical, health, incidental and related expenses.

## COUNT VII
## PUNITIVE DAMAGES

74. Defendants' conduct in the marketing, advertising, promotion, distribution, and sale of the Kugel Hernia Patch was committed with knowing, conscious, willful, wanton, and deliberate disregard for the value of human life, and the rights and safety of consumers such as Plaintiff, thereby entitling Plaintiff to punitive damages so as to punish Defendants and deter them from similar conduct in the future.

## FRAUDULENT CONCEALMENT

75. The running of any statute of limitations has been tolled by reason of Defendants' fraudulent concealment. Defendants, through their affirmative misrepresentations and omissions, actively concealed from Plaintiff and her prescribing physician the true risks associated with the Kugel Hernia Patch.

76. As a result of Defendants' actions, Plaintiff and her prescribing physician were unaware, and could not have reasonably known or have learned through reasonable diligence that she had been exposed to the risks alleged herein and that those risks were the direct and proximate result of Defendants' acts and omissions.

## REQUESTED RELIEF

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment in favor of the Plaintiff and award the following relief:

a. Compensation for all economic and emotional damages suffered as a result of the Defendants' acts which were negligent;

b. Punitive damages;

c. Pre- and post-judgment interest; and,

d. Any and all other legal and/or equitable relief to which Plaintiff is entitled.

## DEMAND FOR TRIAL BY JURY

Come now the Plaintiff, by counsel, and requests a trial by jury on all issues deemed so triable.

Respectfully submitted:

William N. Riley (#14941-49)
Jamie R. Kendall (#25124-49)
Joseph N. Williams (#25874-49)
**PRICE WAICUKAUSKI & RILEY, LLC**
301 Massachusetts Avenue
Indianapolis, Indiana 46204

(317) 633-8787
(317) 633-8797 Fax
E-Mail: wriley@price-law.com
jkendall@price-law.com
jwilliams@price-law.com

Counsel for Plaintiff